IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  02-cv-00490-RPM

SEDRICK LATROY McKINNEY,

            Plaintiff,

v.


RAY HOLT, Warden,
N. R. MEADORS, Associate Warden,
PAUL LAIRD, Associate Warden,
D. DUNCAN, Captain,
R. YOUNGLOVE, Lieutenant,
(FNU) EGGLESTON, Lieutenant,
(FNU) QUINTANA, Officer, and
(FNU) HANSEN, Officer,

            Defendants.
_____

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
_____

In this civil action, the plaintiff, Sedrick Latroy McKinney, claims that his

protection from cruel and unusual punishment granted by the Eighth Amendment to the

United States Constitution was violated when he was attacked by Richie Hill, when they

were both inmates in the Special Housing Unit ("SHU") at the United States

Penitentiary ("USP") in Florence, Colorado.  He seeks damages from the individuals

named as defendants, claiming that each of them was deliberately indifferent to the

known risk presented by inmate Hill and despite that knowledge, assigned the plaintiff

to the same cell.

The undisputed facts are that all of the named defendants were employed by the Bureau of Prisons at the United States Penitentiary in Florence, Colorado, on the dates in question.  Inmates McKinney and Hill were placed in the same cell in the SHU on March 5, 2000, and the assault on the plaintiff occurred on March 9, 2000.  David Duncan was then a captain at the USP; N. R. Meadors was then associate warden and Paul Laird was the associate warden of operations at the same institution.

The defendants Duncan, Meadors and Laird filed a motion for summary judgment on March 30, 2005, with supporting documents.  The plaintiff filed his response on June 30, 2005, and the moving defendants replied on July 15, 2005.

Liability of these defendants as supervisors depends upon a showing that they knew of and disregarded an excessive risk to the inmate's safety.  *Farmer v. Brennan*, 511 U.S. 825 (1994).

The defendants deny any liability because they had no direct participation in the assignment of the plaintiff to the same cell as Hill and had no knowledge that Hill had such a propensity to violence as to create a substantial risk to inmates housed with him.  The plaintiff has failed to show any evidence to the contrary.  For these reasons it is

ORDERED that the motion for summary judgment is granted and this civil action is dismissed as to the defendants David Duncan, N. R. Meadors and Paul Laird.

DATED: March 27th, 2006.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge