IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  02-cv-00490-RPM

SEDRICK LATROY McKINNEY,

       Plaintiff,

v.

RAY HOLT, Warden,
R. YOUNGLOVE, Lieutenant,
(FNU) EGGLESTON, Lieutenant,
(FNU) QUINTANA, Officer, and
(FNU) HANSEN, Officer,

       Defendants.
_____

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
_____

In this civil action, the plaintiff, Sedrick Latroy McKinney, claims that his protection from cruel and unusual punishment granted by the Eighth Amendment to the United States Constitution was violated when he was attacked by Richie Hill, when they were both inmates in the Special Housing Unit ("SHU") at the United Stataes Penitentiary ("USP") in Florence, Colorado.  He seeks damages from the individuals named as defendants, claiming that each of them was deliberately indifferent to the known risk presented by inmate Hill and despite that knowledge, assigned the plaintiff to the same cell.

The undisputed facts are that all of the named defendants were employed by the Bureau of Prisons at the United States Penitentiary in Florence, Colorado, on the dates

in question. Inmates McKinney and Hill were placed in the same cell in the SHU on March 5, 2000, and the assault on the plaintiff occurred on March 9, 2000. R. E. Holt was then the Warden at the USP; Thomas Quintana was a Senior Officer Specialist and Robert G. Younglove was a lieutenant.

The defendants Holt, Quintana and Younglove filed a motion for summary judgment on March 30, 2005, with supporting documents. The plaintiff filed his response on June 30, 2005, and the moving defendants replied on July 15, 2005. The plaintiff conceded the motion as to defendant Younglove.

Liability of these defendants as supervisors depends upon a showing that they knew of and disregarded an excessive risk to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825 (1994).

The defendants deny any liability because they had no direct participation in the assignment of the plaintiff to the same cell as Hill and had no knowledge that Hill had such a propensity to violence as to create a substantial risk to inmates housed with him. The plaintiff has failed to show any evidence to the contrary. As to defendant Quintana, McKinney testified in his deposition that he gave Quintana a request slip to move out of the cell but the plaintiff was vague as to the time. It is undisputed that Quintana was away from the USP from March 6 through March 9, 2000. For these reasons it is

ORDERED that the motion for summary judgment is granted and this civil action is dismissed as to the defendants Ray Holt, R. Younglove, and Thomas Quintana.

DATED: March 27th, 2006.

BY THE COURT:
s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge