IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-00490-RPM-CBS

SEDRICK LATROY McKINNEY,

        Plaintiff,

v.

PAUL LAIRD, Associate Warden,
LEON EGGLESTON, Lieutenant, and
STEVEN HANSEN, Officer,

        Defendants.

_____

## ORDER FOR DISMISSAL
_____

        This civil action was initiated by a *pro se* complaint filed on March 7, 2002. Attorney Nora Kelly voluntarily accepted court appointment to serve as Mr. McKinney's attorney on March 31, 2003. On March 27, 2006, the action was dismissed as to the six defendants on motions for summary judgment. Motions for reconsideration were granted based on additional information provided by the plaintiff and the action proceeded as to the defendants Paul Laird, Leon Eggleston and Steven Hansen, based on the plaintiff's claims that they should be held responsible for an assault on Sedrick Latroy McKinney by inmate Richie Hill, occurring in the United States Penitentiary in Florence, Colorado, on March 9, 2000, because they are alleged to have had prior knowledge of the propensity of that inmate to violent acts and the risk that he posed to other inmates. The plaintiff claims under the Eighth Amendment to the United States Constitution and seeks damages under 42 U.S.C. § 1983.

        A final pretrial order was entered on November 21, 2006, and the case was set for trial to begin on April 3, 2007. On March 21, 2007, Nora Kelly filed a motion to withdraw at the request of Mr. McKinney. That motion was granted by this Court's order

of March 22, 2007, and the April 3, 2007, trial date was vacated.  Mr. McKinney filed a pleading designated "Plaintiff's Notice to the Court of Conflict of Interest" on March 26, 2007, complaining of court-appointed counsel's failures in representation of his interests, including the failure to arrange for the assessment of plaintiff's injuries by a medical specialist independent of Bureau of Prisons influence.  The case was assigned to Magistrate Judge Craig B. Shaffer who conducted further proceedings with the plaintiff representing himself.  On January 22, 2008, John D. Phillips, Jr., and William R. Meyer accepted appointment as counsel for Mr. McKinney and discovery proceeded with case management by Magistrate Judge Shaffer.  On May 15, 2008, Magistrate Judge Shaffer held a final pretrial conference and entered a final pretrial order.  At a trial setting conference held on July 30, 2008, this case was set for trial to begin on January 12, 2009.

On December 15, 2008, Mr. Phillips and Mr. Meyer filed a motion to withdraw from representation of the plaintiff pursuant to Colorado Rule 1.6(a) and (b), saying that further representation had been made unreasonably difficult by the client and that other good cause for withdrawal existed.  Over defendants' objection, the motion to withdraw was granted and the trial vacated by this Court's order of December 17, 2008.

In that order, the plaintiff was directed to show cause why this civil action should not be dismissed for failure to prosecute.  Mr. McKinney is housed in the Coleman Correctional Complex-Medium Facility, Coleman, Florida.  He submitted a written statement on January 12, 2009, explaining his disagreements with Nora Kelly and asserting that when John D. Phillips and William R. Meyer failed to arrange for an evaluation of the plaintiff's shoulder by Dr. Rahul K. Nath as an expert witness and

failed to secure the attendance of a Dr. Gary Boston, who had examined Mr. McKinney when he was at U.S.P. Leavenworth, Kansas.  Further filings from the plaintiff show a series of e-mail communications between his wife and personnel in an office in Houston, Texas, identified as Texas Nerve & Paralysis Institute, showing Dr. Rahul Nath, M. D., as Institute Director.  Apparently, Mrs. McKinney learned of Dr. Nath's existence through the Internet.

On February 23, 2009, Mr. McKinney filed joint motions for temporary restraining order and for preliminary injunction, asserting that treatment for his serious medical needs is being denied at the institution where he is now housed in Florida.

The defendants responded to the plaintiff's statement and filings as not satisfying this Court's requirement for a showing of good cause as to why this civil action should not be dismissed.  The response asserts prejudice from the long delay in adjudicating the claims against the named defendants.

The plaintiff's repeated assertions that he could not go to trial without Dr. Nath as an expert witness and the most recent motion for temporary restraining order and permanent injunction show that Mr. McKinney is confused concerning the nature of this civil action.  This case concerns the events occurring at U.S.P. Florence, Colorado, on March 9, 2000.  These defendants have no responsibility for providing medical care to Mr. McKinney in Coleman, Florida, and this court is not the proper venue and these are not the proper defendants for any Eighth Amendment violation by the failure to provide adequate care.

Under the well recognized factors to be considered in a dismissal under Fed.R.Civ.P. 41(b), most recently repeated in *Rogers v. Andrus Transportation*

*Services,* 502 F.3d 1147, 1151 (10th Cir. 2007), this case is dismissed. Mr. McKinney has been provided more than ample opportunity to work with court-appointed counsel to present his claim to a jury and this Court. Mr. Phillips and Mr. Meyer are experienced counsel from a well recognized law firm who have demonstrated their professionalism in this matter and indicated their readiness for a trial at this Court's trial setting conference on July 30, 2008.

The defendants are prejudiced by the long delay in proceeding to adjudicate the serious claims made against them, affecting their professional reputation. Mr. McKinney has interfered with the judicial process by his insistence on obtaining an opinion from a doctor in Texas who has no knowledge of the case and who could not provide any admissible opinions without a full examination of Mr. McKinney in Florida. It has been made clear early on in this proceeding that Dr. Boston is unavailable because his present whereabouts are unknown.

The plaintiff has been adequately warned of the possibility of dismissal of this action for his failure to cooperate with his court-appointed counsel and proceed to trial and there is no lesser sanction that would be effective in this matter. Accordingly, it is now

ORDERED that for the plaintiff's failure to prosecute the claims at issue in this civil action, this case and the plaintiff's claims are dismissed with prejudice.

DATED: March 23rd, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge